**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**CEDRIC GREENE** **PLAINTIFF**

**v.** **Case No. 3:26-cv-00234-KGB**

**430 SOUTH LOS ANGELES STREET, LLC** **DEFENDANT**

**ORDER**

Before the Court is plaintiff Cedric Greene's proposed motion to alter or amend disposition under Federal Rule of Civil Procedure 59(e) (Dkt. No. 6). In the motion, Greene states that his *pro se* complaint should not have been dismissed for lack of jurisdiction because the basis for jurisdiction was "federal question." (*Id.*). Greene also asserts that "Greene has yet to establish residency in his home and birth state during displacement circumstances," and Greene asks that the Court grant permission to use the Court's address for "temporary residency to establish residency." (*Id.*). Greene also asserts diversity of citizenship as a basis for jurisdiction (*Id.*, at 2).

Under Federal Rule of Civil Procedure 59(e), "[a] district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and th[e] [appeals] court will not reverse absent a clear abuse of discretion." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citing *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro St. Louis*, 440 F.3d at 933 (internal quotation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (internal quotation omitted)*; see also Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018).

Greene has not stated a manifest error of law or fact or presented newly discovered evidence to support altering or amending the Judgment. In his complaint, Greene states that he is a resident of Los Angeles, California, and that defendant 430 South Los Angeles Street, LLC has its place of business in Los Angeles, California (*Id.*, at 2, 4). Greene asserts that his claims concern an "attack to Cedrick Greene" on "December 5, 2021" at the "Toy District Parking Structure in Los Angeles, California." (Dkt. No. 2, at 5). Greene alleges that he was attacked by "three Hispanic males" working at the parking structure and that "a car that was entering the parking structure nearly hit Greene" (*Id.*). The complaint indicates that he filed a city claim "C23-03289" related to this incident, but he wishes to "reinstate the claim here and demand money damages" (*Id.*). The Court did not err in its assessment of Greene's complaint in its prior Order; Greene does not state a claim that presents a federal question. Additionally, based on the facts alleged in Greene's complaint, Greene is a resident of California. Greene's statement that he is attempting to establish residency "in his home and birth state" and attempting to receive mail at the courthouse in Jonesboro instead of his residence in Los Angeles, California, in order to claim diversity jurisdiction is not newly discovered evidence that can be used to alter or amend the Judgment that was entered based on the allegations in the complaint. Accordingly, the Court denies Greene's proposed motion to alter or amend disposition (Dkt. No. 6).

It is so ordered this 22nd day of September, 2026.

Kristine G. Baker

Kristine G. Baker
Chief United States District Judge